# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>                                                       ) Docket No. 08-cr-169-P-S<br>CHARLES P. SCALLY,                        )<br>                                                       )<br>            Defendant.                       ) | |

## ORDER ON DEFENDANT'S PENDING MOTIONS

Before the Court are the following pre-trial motions filed by Defendant Charles Scally: (1) Defendant's Motion for Bill of Particulars and Request for Oral Argument (Docket #s 44 & 54); (2) Defendant's Motion for Discovery of Other Crimes, Wrongs, or Acts (Docket # 45); (3) Defendant's Motion for A List of Government Witnesses (Docket # 46); (4) Defendant's Motion for Preservation of Notes and Tape Recordings and Request for Oral Argument (Docket #s 47 & 55); (5) Defendant's Motion for A Hearing on Co-Conspirator Hearsay (Docket # 48); (6) Defendant's Motion for Production of Government Interview Reports and Grand Jury Testimony of Individuals Who Will Not Be Witnesses At Trial (Docket # 49); (7) Defendant's Motion for Impeachment Material As To Any Non-Testifying Declarant (Docket # 50); (8) Defendant's Motion for Relief from Prejudicial Joinder (Docket # 51); (9) Defendant's Motion to Notify Him If Government Engaged in Discussions with Other Counsel for Co-Defendants for Testimony or Information (Docket # 52); and (10) Defendant's Motion for Specific Brady [Material] (Docket # 53). The Court determines Defendant's pending motions as follows:

First, Defendant has failed to identify a prejudicial lack of specificity in the Indictment, or to articulate how he lacks "a fair opportunity to prepare a defense absent a bill of particulars." United States v. Nelson-Rodriguez, 319 F.3d 12, 31 (1st Cir. 2003); see also United States v.

Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). Thus, the Court DENIES Defendant's Motion for Bill of Particulars (Docket # 44).

Second, the Government indicated that it accepts and is complying in good faith with all of its continuing discovery obligations, including those pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. (See Gov't Response (Docket # 59) at 8-10.) Defendant failed to file any reply challenging that representation; more importantly, Defendant frequently failed to articulate a particularized need for the discovery material requested in his numerous motions. Thus, the Court concludes that, at this point, a discovery order mandating compliance is unnecessary, and ORDERS that Defendant's Motion for Discovery of Other Crimes, Wrongs, or Acts (Docket # 45), Defendant's Motion for Production of Government Interview Reports and Grand Jury Testimony of Individuals Who Will Not Be Witnesses At Trial (Docket # 49), Defendant's Motion for Impeachment Material As To Any Non-Testifying Declarant (Docket # 50), and Defendant's Motion for Specific Brady [Material] (Docket # 53) are hereby DENIED. As trial nears, Defendant is free to bring specific discovery requests to the Court's attention if he feels the Government is not acting in accordance with the representations made to the Court in connection with these motions.

Third, the Government intends to provide Defendant with a summary of any expert testimony prior to trial. (See Gov't Response at 7.) Defendant has failed to identify a "compelling need" for pre-trial disclosure of the Government's likely witnesses or interviewees. United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978). Thus, Defendant's Motion for a List of Government Witnesses (Docket # 46) is DENIED.

Fourth, the Government has already instructed its agents to preserve all extant rough notes and tape recordings, in the event *in camera* review becomes necessary. (See Gov't Response at 6.) Defendant did not challenge that representation. Thus, Defendant's Motion for Preservation of Notes and Tape Recordings (Docket # 47) is DENIED.

Fifth, with respect to Defendant's request for a pre-trial determination regarding the admissibility of co-conspirator statements, the Court will observe the standard practice described in United States v. Ciampaglia, 628 F.2d 632 (1st Cir. 1980), regarding the conditional admission of potential co-conspirator statements. See id. at 638. Thus, the Court DENIES Defendant's Motion for A Hearing on Co-Conspirator Hearsay (Docket # 48) without prejudice to Defendant renewing this objection at the close of all evidence.

Sixth, the Government consents to severance of co-defendant Matthew Meinke. (See Gov't Response at 14-15.) The Court therefore GRANTS IN PART Defendant's Motion for Relief from Prejudicial Joinder (Docket # 51) as to co-defendant Meinke. However, in light of Defendant's failure to demonstrate "that a joint trial would compromise a specific trial right," and the Government's representation regarding the absence of any Bruton issues, the Court DENIES IN PART Defendant's Motion as to co-defendant Michael Martin. United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2008); see also United States v. Turner, 501 F.3d 59, 73 (1st Cir. 2007) (observing that "individuals who are indicted together generally should be tried together," especially in conspiracy cases).

Seventh, Defendant cites no authority in support of his request for disclosure of the Government's discussions with co-defendants' counsel. Thus, the Court DENIES Defendant's Motion to Notify Him If Government Engaged in Discussions with Other Counsel for Co-Defendants for Testimony or Information (Docket # 52).

Finally, to the extent that Defendant requested oral argument in connection with these motions, the Court has determined that oral argument is unnecessary and DENIES those requests (Docket #s 54 & 55).  See D. Me. Loc. R. 147(f).

Accordingly, Defendant's Motion for Bill of Particulars and Request for Oral Argument (Docket #s 44 & 54), Defendant's Motion for Discovery of Other Crimes, Wrongs, or Acts (Docket # 45), Defendant's Motion for A List of Government Witnesses (Docket # 46), Defendant's Motion for Preservation of Notes and Tape Recordings and Request for Oral Argument (Docket #s 47 & 55), Defendant's Motion for Production of Government Interview Reports and Grand Jury Testimony of Individuals Who Will Not Be Witnesses At Trial (Docket # 49), Defendant's Motion for Impeachment Material As To Any Non-Testifying Declarant (Docket # 50), Defendant's Motion to Notify Him If Government Engaged in Discussions with Other Counsel for Co-Defendants for Testimony or Information (Docket # 52), and Defendant's Motion for Specific Brady [Material] (Docket # 53) are DENIED.  Defendant's Motion for A Hearing on Co-Conspirator Hearsay (Docket # 48) is DENIED WITHOUT PREJUDICE to Defendant renewing this objection at the close of all evidence.  Defendant's Motion for Relief from Prejudicial Joinder (Docket # 51) is DENIED IN PART and GRANTED IN PART.  Pursuant to this ruling, the Court SEVERS Defendant Meinke and ORDERS that he shall be tried separately from Defendant Scally.

SO ORDERED.

      /s/ George Z. Singal
      Chief U.S. District Judge

Dated this 14th day of November, 2008.